IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BRYAN L VIZION JONES,** *Plaintiff,* v. **Warden BENJAMIN FORD,** *et al.,* *Defendants.* | CIVIL ACTION NO. 5:20-cv-00422-TES-CHW |

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Plaintiff Bryan Jones seeks leave to appeal *in forma pauperis* the Court's Order [Doc. 70] adopting the United States Magistrate Judge's Recommendation [Doc. 67] to grant summary judgment. *See* [Doc. 83].

A.   *In Forma Pauperis* **Standard**

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
    (A) shows . . . the party's inability to pay or to give security for fees and costs;
    (B) claims an entitlement to redress; and
    (C) states the issues that the party intends to present on appeal.

(2) [I]f the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*.

### B.    Movant has Shown Inability to Pay the Filing Fee

First, the Court must determine whether Plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff claims to have limited assets and no income. [Doc. 83]. Additionally, the Court granted Plaintiff's initial motion to proceed *in forma pauperis* when he filed the case. [Doc. 7]. Therefore, he has shown the Court that he cannot pay the appellate filing fee.

### C.    Movant has Not Made a Showing of Good Faith

Next, the Court considers whether Plaintiff satisfies the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*

2

An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

To facilitate the Court's determination of good-faith issues to be raised on appeal, a statement of the issues an appellant intends to raise is required.[1] Fed. R. App. P. 24(a)(1)(C). Plaintiff states in his Motion to Appeal *In Forma Pauperis* [Doc. 83] that he intends to appeal "Plaintiff's disabled prisoner's rights[,] Rehabilitation Act, 29 U.S.C. § 794(a)[,] and Title II of the Americans with Disabilities Act, 43 U.S.C. § 12131 . . . in addition to his Eighth Amendment Right forbidding cruel and unusual punishment[.]" [Doc. 83, p. 1]. That statement of issues, though, is not sufficient for the Court to determine the **specific** issues Plaintiff intends to raise on appeal. *Daker v. Bryson*, No. 5:15-CV-88-CAR-CHW, 2017 WL 11427073, at *2 (M.D. Ga. May 9, 2017); *Muhammad v.*

---

[1] To be sure, the Court reminded Plaintiff of this obligation in its prior Order directing the Clerk to forward Plaintiff the appropriate forms for his appeal. [Doc. 77].

3

*Taylor*, No. 1:15-cv-4148-WSD, 2018 WL 10246465, at *2 (N.D. Ga. May 31, 2018) (holding that without a sufficient statement of the issues to be raised on appeal, a court cannot determine if the appeal is taken in good faith, "which is fatal to [the plaintiff's] application.").

In light of Plaintiff's failure to outline specific issues he intends to raise on appeal, the Court cannot conclude that this appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3); *see also Middlebrooks v. Swift Transp. Co.*, No. 5:22-CV-165 (MTT), 2022 WL 16828727, at *1 (M.D. Ga. Oct. 28, 2022). Consequently, Plaintiff's Motion to Appeal *In Forma Pauperis* [Doc. 83] is **DENIED**. If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.

**SO ORDERED**, this 14th day of February, 2023.

/s/ Tilman E. Self, III_____
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**